Filed 7/27/26  P. v. Maqsood CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAJID MAQSOOD,<br><br>    Defendant and Appellant. | H053476<br>(Santa Clara County<br>Super. Ct. No. F2200056) |

Defendant Sajid Maqsood appeals from a final judgment in a criminal action. Appointed counsel filed an opening brief summarizing the case but raising no issues.  We notified defendant of his right to submit written argument on his own behalf.  Defendant responded by filing a two-page handwritten supplemental brief.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and find no arguable issue on appeal. Following the California Supreme Court's direction in *Kelly*, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*Id.* at p. 110.)  We also discuss defendant's contentions and explain why we will affirm the judgment.  (*Ibid*.)

## I.    DISCUSSION

### A. SUMMARY

In January 2022, defendant's daughter Jane Doe (then 12 years old) told a friend at school that defendant had been regularly raping and molesting her since she was six years

old. After the friend's mother reported Doe's disclosure to police, Doe made similar allegations in a forensic interview and in her testimony at a preliminary hearing.

Defendant was initially charged with 49 felony counts related to child sexual abuse: 10 counts of sexual intercourse or sodomy with a child 10 years old or younger (Pen. Code, § 288.7, subd. (a); unspecified statutory references are to this Code), 10 counts of oral copulation or sexual penetration of a child 10 years old or younger (§ 288.7, subd. (b)), 10 counts of rape against a child under 14 years old (§ 269, subd. (a)(1)); 10 counts of sexual penetration of a child under 14 years old (§ 269, subd. (a)(5)); seven counts of lewd acts on a child by force or fear (§ 288, subd. (b)(1)); and two counts of oral copulation of a child by force or fear (§ 287, subd. (c)(2)(B)). It was alleged that the crimes involved a particularly vulnerable victim (Cal. Rules of Court, rule 4.421(a)(3)) and the manner of their commission indicated planning, sophistication, or professionalism (Cal. Rules of Court, rule 4.421(a)(8)). It was also alleged that defendant took advantage of a position of trust in committing the offenses. (Cal. Rules of Court, rule 4.421(a)(11).)

In exchange for dismissal of the 49 initially charged counts and an agreed-upon sentence of 22 to 25 years in prison, defendant pleaded no contest to five added counts: two counts of rape by force or fear (§ 261, subd. (a)(2)) against a child under 14 years old (§ 264, subd. (c)(1)); one count of oral copulation by force or fear (§ 287, subd. (c)(2)(A)); and two counts of misdemeanor sexual battery (§ 243.4, subd. (e)(1)). As to the three felony counts, defendant admitted the aggravating factor that he took advantage of a position of trust.

In advance of sentencing, many of defendant's friends and family members wrote letters of support asking the trial court to show leniency in exercising its discretion. At the sentencing hearing, Doe's mother gave a victim impact statement describing how her life had been "forever changed" by defendant's conduct. Defendant's father then spoke in support of defendant. The trial court described defendant as "a well-respected member

2

of the community" and acknowledged that "many people" had "extended their support and their well wishes" to him. The court noted defendant's lack of any prior criminal record, but also noted the lack of any indication that defendant had suffered trauma or abuse as a child.

The trial court sentenced defendant to 25 years in prison, explaining in part: "I am looking for a reason why this might have happened. I don't see one. What I see is, this began when your daughter was six years old. I take her mother's comments very seriously. I can't think of a more horrific thing than for this to happen repeatedly to a 6-year-old. In her own words, she was sexually abused and raped her whole life. That is what her perspective is. [¶] And I see all of these glowing letters from your friends and families in support of you, and I am struck by the fact that not one mentions your daughter, or the impact this will have on her for likely the rest of her life. [¶] I am going to sentence you to the term of 25 years. And in doing that, I note that you were originally charged with 54 counts, 49 have been dismissed. This was a life case. You are already getting leniency to be serving a 25-year term." The court ordered $2,000 in victim restitution and waived or stayed various fines and fees. Defendant was awarded 1,393 days of presentence custody credit, representing 1,212 actual days and 181 days of conduct credit under section 2933.1.

## B. WENDE ANALYSIS

In his supplemental brief, defendant contends the trial court abused its discretion in sentencing him to 25 years in prison. That sentence was within the range contemplated by the parties under the plea agreement. Defendant argues a lesser sentence should have been imposed based on his "remarkable" support from family and community members. The record indicates the trial court duly considered defendant's family and community support, but nonetheless concluded a 25-year sentence was warranted given the nature of the offenses. Nothing suggests the court disregarded defendant's mitigation materials or otherwise abused its discretion in reaching that conclusion.

Defendant states that he has "taken responsibility" for his actions, "apologized to effected [*sic*] parties and moved on."  He describes "participating fulltime in education" while incarcerated, completing a rehabilitation program, and availing himself of the "many self-help programs and therapeutic groups" available in prison.  Although commendable, defendant's rehabilitative efforts while incarcerated (and after he was sentenced) do not demonstrate that the trial court abused its discretion in imposing a 25-year sentence rather than a different term of not less than 22 years, as contemplated by the negotiated plea.

We have reviewed the entire record and find no arguable issue that would result in a disposition more favorable to defendant.

## II.   DISPOSITION

The judgment is affirmed.

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Lie, J.

_____

Wilson, J.

H053476
*The People v. Maqsood*